**FROZEN FOOD MARKETERS, Appellant,**

v.

**Carl J. FEISSTREITZER, Appellee.**

Court of Appeals of Kentucky.

May 20, 1960.

Norman A. Curtis, Louisville, for appellant.

Louis N. Garlove, Louisville, for appellee.

CULLEN, Commissioner.

This is an automobile negligence case involving an accident that occurred in Louisville on Second Street, which is an arterial one-way street for northbound traffic, with two driving lanes. On a Saturday morning John Weir was driving north on Second Street, in the left lane. Behind him was a truck of Frozen Food Marketers. As Weir approached the intersection with Burnett Street, which is a two-way street running east and west, with stop signs at the intersection, a garbage truck operated by Carl Feisstreitzer, coming from the west on Burnett Street, undertook to cross through the intersection. Conceiving that he might hit the garbage truck, Weir applied his brakes and brought his automobile to a stop about even with the south line of Burnett Street. At or about the time he stopped, the Frozen Food truck hit his car from the rear, causing personal injuries and property damage. The garbage truck proceeded on through the intersection without being struck.

Weir sued Frozen Food Marketers for damages. Frozen Food filed a third-party complaint against Feisstreitzer, seeking contribution. The case went to a jury which returned a verdict of $5,000 against Frozen Food and exonerated Feisstreitzer. Judgment was entered accordingly. Frozen Food has appealed, complaining only of the exoneration of Feisstreitzer. The contentions are that Feisstreitzer should have been held negligent as a matter of law, and that the court erred in not instructing the jury that it was the duty of Feisstreitzer to bring his truck to a stop before entering Second Street.

The testimony of Feisstreitzer and of two occupants of his truck was that he stopped before entering Second Street, looked to his right and saw no traffic within 100 feet, and thereupon proceeded into the intersection. The testimony of the other parties and witnesses was that the Weir automobile was much closer to the intersection when the garbage truck entered it. The evidence is uncontradicted that Weir was driving around 25 miles per hour.

The argument of the appellant is that, even conceding that the Weir car was 100 feet away when the garbage truck entered the intersection, the Weir car, proceeding at 25 miles per hour, would arrive in the intersection in less than three seconds, and therefore was so close as to constitute an "immediate hazard" within the meaning of KRS 189.330, which requires an automobile entering upon a through street to yield the right of way to a vehicle on the through street that is "approaching so closely * * * as to constitute an immediate hazard." The appellant maintains that in Central Petroleum Co. v. Wright, Ky., 290 S.W.2d 465, this Court laid down a rule that if the approaching vehicle is less than four seconds' traveling time away from the intersection it constitutes as a matter of law an immediate hazard.

While certain language in the Central Petroleum case does appear to state such a rule, it is clear from a consideration of the entire opinion that no such arbitrary rule was established. The holding in that case, and in the cases on which it was based, was simply that in view of the nature and condition of the highways involved, the observed speed and proximity of the approaching vehicle, expressed in terms of time, were such that the particular movement of the intersecting vehicle could not be made in reasonable safety.

The Central Petroleum case involved an intersection of major country highways, and the opinion points out that city intersection cases are to be distinguished. In the normal movement of city traffic in business districts, cross-traffic at intersections moves with relatively small margins of time and distance, and at normal city speeds the motorist on the arterial street ordinarily has no difficulty in adjusting to common cross-traffic situations.

In a city business section, where vehicles are traveling at relatively low speeds, and where traffic customs are such as to allow a ready movement of cross traffic, reasonable minds might differ as to what constitutes a reasonable time margin for passing through an intersection. Accordingly, it is our opinion that the trial court in the instant case did not err in submitting the question to the jury.

Even if we were to accept the view that Feisstreitzer was negligent as a matter of law, we would not be prepared to say that as a matter of law his negligence was a proximate cause of the accident, in view of the evidence that Weir was able to and did bring his car to a normal, gradual stop at a point some 15 or 20 feet from the path traversed by the garbage truck. No accident would have occurred had the driver of the Frozen Food truck been exercising ordinary care. Feisstreitzer was not required to anticipate such negligent inattention on the part of the driver of the following vehicle as to cause him to collide with the Weir car when it stopped gradually and normally.

The appellant's second contention, that the court erred in not instructing the jury that Feisstreitzer had a duty to stop before entering Second Street, is based on the proposition that although there was no direct evidence that he did not stop, the jury might have drawn such an inference from the testimony of some of the witnesses. Feisstreitzer and the two occupants of his truck all testified that he did stop. The other witnesses said only that the first time they saw his truck it was in the intersection. We think the latter testimony could support only a conjecture, and not an inference, that he did not stop. In any event, the important question, which was submitted to the jury, is whether at the time he entered the intersection the Weir car was approaching so closely as to constitute an immediate hazard. If it was not, then the question of whether he stopped or did not stop is of no materiality, because it plays no causal part.

The judgment is affirmed.