Debbie REIDLING, etc., et al., Appellants,

v.

WICKES LUMBER & BUILDING SUPPLY COMPANY et al., Appellees.

Court of Appeals of Kentucky.

June 25, 1971.

Rehearing Denied Oct. 29, 1971.

Brian D. Schaefer, Eubanks, Gardner & Schaefer, Marshall B. Woodson, Jr., Louisville, for appellants.

William Mellor, Mellor & Shaw, Louisville, for appellees.

NEIKIRK, Judge.

Debbie Reidling, George Reidling III, George Reidling IV, and Betty Reidling received serious injuries as a result of a motor vehicle collision. The accident occurred at the intersection of Old Shepherdsville Road and Rangeland Road in Jefferson County, Kentucky.

The Reidlings were traveling south in a truck on the old Shepherdsville Road. Nicholas Hensgen was driving a station wagon belonging to his father, Fred Hensgen, and was traveling east on Rangeland Road, which dead-ends at the Old Shepherdsville Road. Hensgen did not stop at the intersection and drove the station wagon into the side of the Reidling truck.

The Reidlings filed their complaint seeking damages for all their injuries against Nicholas and Fred Hensgen. With leave of court, the Hensgens filed a third-party complaint against the Wickes Lumber & Building Supply Company (hereinafter referred to as "Wickes"), asserting a claim for indemnity or contribution. The Reidlings amended their complaint and asserted claims of their own against Wickes.

The claims against Wickes were based on the allegation that three days before the accident a truck belonging to Wickes had knocked down a stop sign on the Rangeland Road near its intersection with Old Shepherdsville Road.

Before the case came to trial, the Reidlings settled their claims against the Hensgens for $45,000. The Hensgens reserved their right to contribution or indemnity against Wickes. The Reidlings also reserved their right of action against Wickes. On the trial the jury found for Wickes. The Reidlings and the Hensgens appeal. We affirm.

The Reidlings and the Hensgens claim errors in the admission of evidence and in the instructions.

Wickes contends that the trial court should have sustained its motion for a directed verdict, thereby eliminating all other issues.

The Reidlings were traveling a state highway, a main thoroughfare. Hensgen was traveling on a road that ended at the Old Shepherdsville Road. Hensgen stated that he did not slow down as he approached the intersection and that he was traveling twenty-five to thirty-five miles per hour when he collided with the Reidling truck. He stated that he did not see the truck until "right before I hit it." When asked if he saw the intersection, Hensgen answered, "I saw the intersection." There was evidence that there was an intersection sign on the Rangeland Road. When Hensgen was asked if he saw the sign, he said, "Well, I don't remember for sure if I did or not." He was asked, "But you probably did, you say?" He answered, "I say I could have." How-

ever, he testified that there was no stop sign. There was evidence that Wickes' truck had knocked the stop sign down three days before the accident. That was denied by the driver of the Wickes truck. The Reidlings and the Hensgens contend that the negligent knocking down of the stop sign by Wickes' truck was a proximate cause of the accident.

Under the evidence in this case, even in the absence of the stop sign, Hensgen had the duty to yield the right of way to the Reidlings. Instead of keeping a lookout ahead and not entering the intersection unless he could do so with safety and with due regard for other vehicles on the road that he could and should have seen, Hensgen simply drove into the intersection oblivious of his duties. Under KRS 189.330 (3), Hensgen had the further duty to stop before entering the Old Shepherdsville Road whether there was a stop sign there or not.

McBride v. Moss, Ky., 437 S.W.2d 726, involved a collision of two automobiles at an intersection under construction when the construction company traffic guard had left his post. We held for the construction company as a matter of law, and said:

> "The traffic conditions were apparent to both drivers. Performance of their respective duties to keep a lookout would have disclosed the absence of a traffic guard. The lack of a guard was a condition, and if it was negligence it was not a proximate cause of the collision. * * *"

The absence of the stop sign was not a proximate cause of the collision. Frozen Food Marketers v. Feisstreitzer, Ky., 335 S.W.2d 896. Wickes was entitled to a directed verdict.

It is not necessary for us to discuss or pass on the arguments concerning the claimed errors by the trial court in admitting incompetent evidence or error in the instructions, since Wickes was entitled to a directed verdict.

The judgment is affirmed.

MILLIKEN, C. J., and HILL, OSBORNE, PALMORE and REED, JJ., concur.

STEINFELD, J., not sitting.