Homer **JOHNSON** and Haddix Coal Company, Appellants,

v.

Hazel **HADDIX**, Appellee.

Court of Appeals of Kentucky.

May 9, 1975.

Charles Landrum, Jr., Landrum, Patterson & Dickey, Lexington, for appellants.

James S. Hogg, Jackson, for appellee.

CATINNA, Commissioner.

Homer Johnson and Haddix Coal Company appeal from a judgment entered on a jury verdict awarding Hazel Haddix the sum of $10,000 for injuries she sustained in an accident on the Haddix Coal Company property between an automobile in which she was a passenger and a truck being operated by Homer Johnson. On this appeal Johnson and Haddix Coal Company assert that (1) Hazel Haddix was negligent as a matter of law and they were, therefore, entitled to a directed ver-

dict; (2) the instruction on the duty of Homer Johnson to sound his horn was erroneous; and (3) the verdict of the jury was excessive.

On August 15, 1967, Hazel Haddix was a passenger in her Corvair automobile then being operated by Gladys Haddix, her daughter. Gladys was taking Hazel and Amanda Deaton to Jackson. On the way they stopped at the Haddix Coal Company to pick up a payroll check belonging to Amanda Deaton's husband.

Gladys drove the automobile off Kentucky Highway 1110 and onto the private property of the Haddix Coal Company. After leaving the state highway, Gladys crossed a private road known as the "scales road," which ran roughly parallel with the highway. After crossing this road, she parked the automobile beside the trailer office fronting on the scales road.

While traversing the Haddix Coal Company property, Gladys observed an unattended truck parked on the scales road at a point approximately fifteen to twenty feet from the place where she finally parked. When Amanda Deaton was ready to leave, Gladys backed the automobile out of the parking place and onto the scales road where it collided with a truck being operated by Homer Johnson.

There is substantial conflict in the evidence concerning what actually happened. Prior to and at the time of the accident, Johnson was attempting to start a truck by pulling it with the one involved in the accident. The truck was being operated on the scales road which passed directly behind the parked Haddix automobile.

Gladys and her passengers testified that at the time she started to back out of the parking place, the Johnson truck was parked on the scales road about fifteen to twenty feet from the Haddix automobile. The driver, Homer Johnson, was standing on the ground beside the truck, and just as they started to back out, he started to get into the cab of the truck. Gladys said that

after she had backed the automobile out onto the scales road about nine or ten feet she saw the Johnson truck bearing down upon the automobile. Before she could move from the path of the oncoming truck, the right front bumper of the Johnson truck collided with the right rear fender of the Haddix automobile.

Johnson testified that he parked directly behind the Haddix automobile and after making an adjustment on the tow chain he started the truck and had proceeded about fifteen feet when someone caused him to stop. He said it was only after he stopped that he discovered the Haddix automobile had backed into the side of the truck.

The salient fact in this case that demands attention is that this accident occurred when an automobile backed out of a *private* parking place onto a *private* road.

The claim that Hazel Haddix was negligent as a matter of law is predicated upon Gladys Haddix' violation of statutory duties required of a driver entering a street or roadway from private property. KRS 189.330(7), KRS 189.330(4). Haddix Coal Company and Johnson assert that for the purposes of the law the backing of the Haddix automobile from the parking area onto the scales road is identical to backing an automobile from a private driveway on private property onto a street or roadway.

■ The duties required of a driver by KRS 189.330(7) and 189.330(4) or any other statutory provision regulating the operation of a motor vehicle do not apply where the motor vehicle is being operated on private property at the time of an accident.

In Blashfield Automobile Law and Practice, 3rd Edition, Section 181.1, pages 515–516, we find the rule stated as follows:

"Statutory provisions regulating the operation of motor vehicles on public highways have been held not to apply to the operation of motor vehicles on private premises. In accordance with this rule, particular provisions, such as those

governing the operation of vehicles at intersections or when backing and starting, requiring vehicles to drive on the right half of the road or to give warning signals, or governing the weight of motor vehicles, have been held inapplicable.

"Under some authorities, in the absence of a statute or rule of the road governing the operation of motor vehicles on private property, the question of negligence thereon is governed by the common law, but the statutes have been regarded as evidence of customs which should and do guide the operation of vehicles away from the highway.

In Section 181.2, pages 517–519, we find:

"A motorist driving at a place not on a street or highway must use reasonable care to avoid injuring persons or property, and reasonable care should be commensurate with the dangers to be anticipated. The exercise of due caution may require the driver to keep a proper lookout, and to give ample warning of his approach.

"A motorist may not be held liable for injuries or damages sustained while driving on private premises in the absence of negligence on his part."

In Miller v. Berry, 62 Tenn.App. 1, 457 S.W.2d 859 (1970), the court said:

"Since where this accident happened cannot be classified or defined as an intersection but occurred on private property, the duties and liabilities of the respective drivers must be governed by the basic principles of common law negligence requiring each person to exercise ordinary and reasonable care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. * * *.

"Even though we say the statutory rules of the road are inapplicable, this does not mean the trier of fact, in determining what is ordinary care, cannot rely upon the widely recognized and established practices used in operating vehicles by reason of the common or statutory law. The statutory rules of the road merely set up minimum standards of care. * * *."

■ Negligence on the part of Hazel and the operator of her automobile, Gladys, must be tested within the scope of the above rule. In other words, Gladys, as operator of the automobile, was charged with the duty of exercising ordinary care in its operation.

■ The rule that the violation of a statute or ordinance is negligence as a matter of law is basically inapplicable. However, a violation of duties required by the statute is to be considered for the purpose of determining whether the driver was exercising ordinary care in the operation of the Haddix automobile. When we eliminate the statutory aspect of negligence as a matter of law and consider the evidence upon the basic principle of common law negligence, ordinary care, we find that it was of such character as to require the submission of the case to the jury. Consequently, the Haddix Coal Company and Johnson were not entitled to have the court grant their motion for a directed verdict.

■ Haddix Coal Company and Johnson question the correctness of Instruction No. 1 primarily because it placed upon Johnson the duty "to give timely warning of the approach of said truck by sounding the horn." This instruction detailed the statutory duties to be observed by Johnson in the operation of the truck. As the site of the accident was on private property, the only duty required of Johnson was to exercise such care for his own safety and the safety of others as an ordinarily careful and prudent person would exercise under the same or similar circumstances, and it was not necessary to instruct on specific duties.

We do not reach the question of the excessiveness of the award of the jury.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.