Waylan G. DAULTON, Appellant,

v.

Robert G. REED et al., Appellees.

Supreme Court of Kentucky.

March 19, 1976.

Opinion Modified July 30, 1976.

J. Peter Cassidy, Jr., Moloney & Moloney, Lexington, for appellant.

James F. Clay, Clay & Clay, Danville, for appellees Janet Reed and Robert Reed.

Ben K. Wilmot, Stanford, for appellee Reed Lige Phillips.

CLAYTON, Justice.

This is an appeal from a final judgment of the Lincoln Circuit Court entered June 22, 1972, upon a jury verdict whereby appellant Waylan G. Daulton was adjudged liable to appellees Janet Reed and Robert Reed for $8,568.75 in damages arising from an automobile accident. The accident in question occurred April 19, 1971, at the intersection of Miller Street and U. S. Highway 27 in Lincoln County, Kentucky. This was a three-car accident involving two separate collisions. At this intersection, Miller Street is a two-lane road with one eastbound lane and one westbound lane, with traffic moving thereon being required to stop at a stop sign on Miller Street before proceeding across or onto U. S. 27. U. S. 27 runs in a north-south direction, and immediately south of the Miller Street intersection U. S. 27 is a four-lane highway consisting of two southbound lanes and two northbound lanes separated by a sixteen-foot median.

Immediately north of the Miller Street intersection U. S. 27 narrows over a distance of some 220 feet to become a two-lane roadway—the north and southbound lanes being separated over this distance by a triangular-shaped median with U. S. 27 eventually merging into two lanes of traffic at the apex of the median.

The first collision involved the automobiles being operated by Daulton and appellee Reed Lige Phillips. As he approached the intersection, Daulton was traveling north on U. S. 27 in the right-hand lane at approximately 45 miles per hour (the posted speed limit). Phillips had stopped at the stop sign on Miller Street before proceeding east at a low rate of speed across U. S. 27 and into the path of Daulton's vehicle. Daulton attempted to avoid the impending collision by increasing his speed, but his effort was to no avail and the vehicles collided in the intersection in Daulton's lane with the front of the Phillips automobile striking the left rear portion of Daulton's automobile. As a result of this collision Daulton's automobile went out of control, crossed the median north of the intersection, and collided with the southbound automobile driven by Janet Reed.

On this appeal the three assignments of error may be briefly stated as follows: (1) the trial court erred in not apportioning the damages between Daulton and Phillips; (2) the trial court erred in ruling that Janet Reed was free of contributory negligence as a matter of law; and (3) the trial court erred in instructing the jury that Daulton had an absolute duty to yield to Phillips once Phillips had stopped at the stop sign on Miller Street and had proceeded onto U. S. 27.

■ This action was brought by the Reeds against Daulton and Phillips, who then cross-claimed against each other. In the course of a second trial, but before it was submitted to the jury, the Reeds dismissed their claim against Phillips. Prior to submission the trial judge found as a matter of law that Phillips was contributorily negligent, thus barring his claim

against Daulton and that Janet Reed was free of contributory negligence. The verdict awarded the Reeds a total of $8,568.75 and apportioned the causation 75% against Daulton and 25% against Phillips. Since the Reeds' claim against Phillips had been dismissed, the trial court rendered judgment against Daulton for the full sum of $8,568.75 and gave Daulton a judgment against Phillips for 25% of that amount. This was error.

In the recent case of *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975), it was pointed out that the principle of *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970), applies when there has been an active assertion of a claim against one who would be a defendant but for the fact that he has settled the claim. The same rationale applies to this situation, in which the claim asserted by the Reeds against Phillips was later dropped, whatever may have been the reason. The judgment against Daulton should have been for 75% of the damages awarded to the Reeds.

■ Whether Janet Reed was free of contributory negligence as a matter of law, as held by the trial court, is a close question. In the recent case of *House v. Kellerman*, Ky., 519 S.W.2d 380, 383 (1975), for example, we held that the defendant Kellerman, who was following behind a car which went out of control into the median and then swerved back into his line of travel on the highway, could reasonably have been found negligent in view of testimony to the effect that the other car had moved some 200 feet down the median before returning onto the pavement. There was nothing to prevent his observing this erratic course of the other car from beginning to end, yet he testified that he saw nothing unusual until it popped back into the highway right in front of him. Obviously, therefore, there was a basis for finding that he was not maintaining a proper lookout. Also, he was traveling along the traffic lane next to the median, and could possibly have swerved to the outer lane had he been alert. Here, on the other hand, Mrs. Reed was already in the right-hand or outer lane when she struck the Daulton vehicle.

When she first saw the Daulton car it was partially in the southbound lane next to the median, and to the right was a stone embankment. The only possible way in which she could have avoided the accident was to bring her car to a stop. According to her own testimony, she was 285 feet from the intersection (still on the two-lane portion of the highway) when she saw the Daulton car in the median. Since the point of impact was about 50 feet north of the intersection, she had at least 200 feet in which to stop her car.

Mrs. Reed testified that she was moving at a speed of 40 miles per hour. According to expert testimony by a state trooper, the stopping distance for an automobile traveling at that speed, including reaction time, is 150 to 160 feet. However, it is undisputed that the Daulton automobile was moving at such a speed that after being struck by the Phillips car, and after then traveling 70 feet and colliding with the Reed car, it struck the stone embankment to the west of U. S. 27, careened 84 feet back across the highway and came to rest against the embankment east of U. S. 27.

There is no question as to Mrs. Reed's observance of her lookout duty. There was evidence to justify a conclusion that she could have stopped short of the point of impact. Nevertheless, the crucial point is that even if she had done so, whether the collision could or would have been avoided is a matter of speculation. Therefore, we cannot say it was error for the trial court not to instruct on contributory negligence.

■ In discussing appellant's third assignment of error it is noted that one of the duties of Phillips as enumerated in the instructions was to yield the right-of-way to traffic on U. S. 27 that had entered the intersection or was approaching it so closely as to constitute an immediate hazard. This, of course, was proper. However, the instruction covering Daulton's duties included the following:

"5. To yield the right of way to any vehicle which had entered the intersection of U. S. Highway 27 and Miller Street after stopping at the traffic stop

sign on Miller Street which he saw in the intersection proceeding onto or across U. S. Highway 27."

Daulton's complaint against this portion of the instructions is well taken. Its effect was to deprive him of the right-of-way, thus requiring him to yield, if Phillips had stopped at the stop sign before entering the intersection. This means that even if Daulton was approaching so closely as to constitute an immediate hazard when Phillips entered the intersection, the fact that Phillips had stopped before doing so made it incumbent on Daulton to yield. In short, even though Phillips had violated his own duty to yield, it became the absolute duty of Daulton to yield. That cannot be correct.

The basic duty of a motorist entering upon a street or highway from an inferior way (whether it be another public street or highway, a private way, or any other property) is to yield the right-of-way to traffic approaching so closely on the superior way as to constitute an immediate hazard. Though it has been customary for instructions covering the duties of the driver on the inferior street or highway to recite the duty to stop, or "come to a complete stop," it is really unnecessary because, whether he actually stopped or not, the causal question centers on the duty to yield—that is, "whether at the time he entered the intersection the [other] car was approaching so closely as to constitute an immediate hazard. If it was not, then the question of whether he stopped or did not stop is of no materiality, because it plays no causal part." *Frozen Food Marketers v. Feisstreitzer*, Ky., 335 S.W.2d 896, 898 (1960); *Clark v. Johnston*, Ky., 492 S.W.2d 447, 449 (1973). And if the other vehicle *was* close enough to be an immediate hazard, in the final analysis the failure to yield will have been the significant causal factor regardless of whether he had stopped before entering the intersection. See also *Reidling v. Wickes*

*Lbr. & Bldg. Supply Co.*, Ky., 471 S.W.2d 319, 321 (1971).

The point, then, is that the duties of Daulton could not be made to depend on whether Phillips had or had not stopped before entering the intersection. He had no duty to yield unless in the exercise of ordinary care he should have realized that Phillips was not yielding the right-of-way, and by the exercise of ordinary care could then have avoided the accident. Cf. *Metcalfe v. Hopper*, Ky., 400 S.W.2d 531, 534 (1966). For the motorist traveling on the superior highway this duty is sufficiently embraced by an instruction requiring him to exercise ordinary care generally to avoid collision with other persons or vehicles using the highway, that being the duty that prevents his right-of-way from being absolute. Upon another trial of this case the portion of the instruction quoted above should be omitted in favor of an additional duty as follows:

"To exercise ordinary care generally to avoid collision with other persons or vehicles, including the Phillips and Reed automobiles, using the highway."

Since the apportionment of causation between Daulton and Phillips was determined by the jury under erroneous instructions, it will be necessary to try that issue again, but it will not be necessary for the issue of damages to be retried.

The judgment is reversed with directions for a new trial limited to the issue of causation attributable to the negligence (if any) of the appellant, Daulton.

All concur.