751 F.2d 873
 Eileen HERRON, Administratrix of the Estate of Douglas R.
Herron, Deceased, Plaintiff-Appellant,
v.
KEENE CORPORATION and Keene Building Products Corp.;
Standard Asbestos Manufacturing & Insulating Co.; Armstrong
World Industries; Raybestos-Manhattan, Inc.; Celotex
Corporation; Owens-Corning Fiberglass Corp.; Rock Wool
Manufacturing Company; Eagle-Picher Industries, Inc.;
Forty-Eight Insulation Co.; and Pittsburgh Corning Corp.,
Defendants-Appellees.
 No. 84-5090.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 13, 1984.
Decided Jan. 10, 1985.
 
 Bryce D. Franklin, Jr. (argued), Williams, Housman, Sparks & Franklin, Paducah, Ky., Robert E. Sweeney, Cleveland, Ohio, for plaintiff-appellant.
 Samuel S. Boaz, Paducah, Ky., for Standard Asbestos Mfg.
 John David Cole, Cole, Harned & Broderick, Bowling Green, Ky., for Keene Building Products.
 James L. Hardy, Hardy, Terrell & Boswell, Paducah, Ky., for Armstrong World Industries.
 Kenneth Tuggle, Charles Cassis, Louisville, Ky., for Raybestos-Manhattan, Inc.
 Whitlow, Roberts, Houston & Russell, Paducah, Ky., for Celotex Corp.
 William B. Byrd, Paducah, Ky., for Owens-Corning.
 Boehl, Stopher, Graves & Deindoerfer, Paducah, Ky., Livingston, Dildine, Haynie & Yoder, Fort Wayne, Ind., for Rock Wool.
 Robert G. Hunt (argued) Henderson, Ky., for Eagle-Picher.
 Holbrook, Gary, Wible & Sullivan, Owensboro, Ky., for Forty-Eight Insulations.
 Maubert R. Mills, Madisonville, Ky., for Pittsburg Corning.
 John H. Helmers, Owensboro, Ky., for Forty-Eight Insulation.
 Before ENGEL and MERRITT, Circuit Judges; and PRATT, District judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the United States District Court staying all proceedings against defendants herein in her wrongful death diversity action. We reverse.
 
 
 2
 On August 12, 1980, Mrs. Herron filed a complaint in the U.S. District Court for the Western District of Kentucky, alleging personal injuries to and the wrongful death of her husband as a result of his work-related exposure to products containing asbestos. Mrs. Herron named sixteen asbestos manufacturers or sellers as defendants. The defendants included Johns-Manville Sales Corporation (Johns-Manville) and Unarco Industries, Inc. (Unarco). Johns-Manville and Unarco subsequently filed separate reorganization petitions under Chapter 11 of the Bankruptcy Code, and stays of all proceedings against the two corporations were automatically issued.
 
 
 3
 On April 27, 1983, Judge Johnstone granted the motion of several of the remaining manufacturers in Mrs. Herron's wrongful death case to stay the proceedings until the Johns-Manville and Unarco bankruptcy reorganizations were completed. The court ordered the stay because it found that Kentucky's joint tortfeasor liability apportionment statute, Ky.Rev.Stat. Sec. 454.040, required an apportionment among all of the originally named defendants and that Johns-Manville and Unarco were, therefore, necessary and indispensible parties to the litigation under Federal Rule of Civil Procedure 19.
 
 
 4
 On November 14, 1983, Judge Johnstone certified the following issue for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b):
 
 
 5
 Whether UNARCO and Johns-Manville are necessary and indispensible parties to this civil litigation under Federal Rule of Civil Procedure 19 because of Kentucky's peculiar apportionment law.
 
 
 6
 This court granted Mrs. Herron's petition for permission to appeal.
 
 
 7
 On appeal, Mrs. Herron claims that Kentucky law would not require a stay in this case and that the bankrupt manufacturers are not necessary and indispensible parties to the litigation.
 
 
 8
 In Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir.1983), our court held that Johns-Manville and Unarco were not necessary and indispensible parties within the meaning of Rule 19 in similar litigation against asbestos manufacturers. In consequence, we held that the district judge did not err in declining to stay proceedings as to the non-bankrupt litigants, even though the automatic stay provisions of Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sec. 362(a), precluded further prosecution against the bankrupt parties at that time. In this appeal, the district judge recognized the validity of our holding in Lynch v. Johns-Manville Sales Corp., but concluded that because the unusual Kentucky liability apportionment statute applied in this diversity proceeding, he was required to hold that Johns-Manville and Unarco were in fact necessary and indispensible parties.
 
 
 9
 While the application of the Kentucky statute to the merits of the controversy in this diversity case poses problems of some importance, it is not certain at this juncture whether the Kentucky Supreme Court's decision in Daulton v. Reed, 538 S.W.2d 306 (Ky.1976), will ultimately control the rights of the parties under the somewhat different circumstances which exist here. See also Orr v. Coleman, 455 S.W.2d 59 (Ky.1970). However, this problem concerning the statute's application need not be resolved at this time. This appeal is limited to the specific question certified by the district court and for which leave to appeal was granted by our court under 28 U.S.C. Sec. 1292(b). In this respect, the court concludes that the issue of whether the proceedings should be stayed as to the non-bankrupt parties is a procedural issue and one which is to be decided under federal law. The effect of a stay is simply to delay the trial for some period of time. It does not affect the substantive rights and duties of the litigants, and, therefore, under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the question is one of federal law. Thus, the same considerations which prompted us to uphold the federal judge's decision to deny a stay in Lynch v. Johns-Manville, supra, mandate reversal here. Accordingly,
 
 
 10
 The order from which this appeal is taken is VACATED and the cause REMANDED for further proceedings.
 
 
 
 *
 The Honorable Philip Pratt, Judge of the United States District Court for the Eastern District of Michigan, sitting by designation