William FLOYD, Movant,

v.

CARLISLE CONSTRUCTION
COMPANY, INC. and Steven
J. Wood, Respondents.

No. 86–SC–862–DG.

Supreme Court of Kentucky.

Oct. 6, 1988.

Thomas A. Sweeney, Lange, Quill & Powers, Newport, for movant.

Mark G. Arnzen, Dane E. Deering, Covington, for respondents.

VANCE, Justice.

The question is whether a defendant in a tort claim is entitled to an instruction which would allow the jury to apportion a part of the plaintiff's damage against a joint tort-feasor with whom the plaintiff has settled but who was not named as a party defendant by the plaintiff and whom the defendant did not name as a third-party defendant.

The movant, William Floyd, was injured in a collision between an automobile driven by Steven Whittamore and a road grader operated by Stephen Wood and owned by Carlisle Construction Company. Floyd settled his claim against Whittamore and instituted suit against Wood and Carlisle Construction Company. Whittamore was never named as a party to the lawsuit, either as a defendant in plaintiff Floyd's complaint or as a third-party defendant by either Wood or the Carlisle Construction Company.

At trial, the appellees requested an instruction that would enable the jury to apportion the fault between the appellees and Whittamore even though Whittamore was not a party to the litigation. The trial court denied the requested instruction. The jury returned a verdict for Floyd in the amount of $59,601.04.

The Court of Appeals reversed and remanded for a new trial solely upon the question of the proper apportionment of liability.

The apportionment of liability by the jury among joint tortfeasors was approved in *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970). In that case Anna Lee Coleman was severely injured in a collision between an automobile driven by John William Waterer and owned by Southeastern Car Rental, Inc., (hereinafter called Avis) in which she was a passenger, and an automobile driven by Mary Louise Orr and owned by Bobby Ray Orr. Mrs. Coleman brought a suit for damages against Waterer, Avis and the Orrs. Before the case went to trial she settled with Waterer and Avis for $19,000, reserving her rights against the Orrs, whereupon her claim against Waterer and Avis was dismissed by agreed order.

Under those circumstances we held that even though Waterer and Avis had been dismissed and were no longer parties to the litigation, it was necessary for the jury to determine the total damage sustained by the plaintiff and apportion the liability between the Orr's, who remained as a party to the suit, and Walter and Avis who were no longer parties. We said:

> "The practical answer is that the jury should be required to assess the total amount of the claimant's damages and fix the proportionate share of the nonsettling tortfeasor's liability on the basis of his contribution to the causation. The trial court may then compute the amount of the judgment to be entered against the nonsettling tortfeasor, thus fixing his ultimate liability (and incidentally obviating any question of or necessity for contribution)."

*Id.* at 61.

*Orr v. Coleman, supra,* was premised upon K.R.S. 454.040 which provided that in actions for trespass the jury may assess joint or several damages against the *defendants.* The apportionment was permitted against one who had been, but at the time of trial, was no longer a defendant.

In *Nix v. Jordan,* Ky., 532 S.W.2d 762 (1975), Mrs. Nix was injured in a collision between a car driven by her husband in which she was a passenger and a vehicle operated by Jordan. She made no claim against her husband but instituted suit against Jordan, who implicated her husband as a third-party defendant.

The court held that apportionment was not proper because Mr. Nix was not named as a joint-defendant with Jordan in the suit filed by Mrs. Nix. It was stated:

> "Though it might otherwise make good sense to apply the principle of apportionment among joint tortfeasors without exception, the authority for *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970) derives from a statute (KRS 454.040) which cannot fairly be construed that liberally. Literally, the statute permits apportionment only against 'defendants,' which necessarily means joint defendants. Orval Jordan was a defendant, but only as to the third-party complainants, and not as to the original plaintiff. *In Orr v. Coleman, supra, the settling tortfeasor was no longer a defendant in the sense of being a party to the lawsuit, but it was our opinion that the public policy of encouraging settlements justified our construing KRS 454.040 to include as 'defendants' joint tortfeasors who probably would have been defendants but for the fact that they had bought their peace. Certainly the settlement itself attests the active assertion of a claim, whereas in this case, by contrast, it is obvious that the plaintiff had not asserted any claim against her husband, the third-party defendant.*" (Emphasis ours.)

*Id.* at 763.

We note here the implication that a settlement itself attests the active assertion of a claim which in *Orr v. Coleman* was sufficient to constitute the nonparty settlor as a defendant under the premise that he would have been a defendant except for the fact that he had bought his peace.

In *Daulton v. Reed,* Ky., 538 S.W.2d 306 (1976), litigation was instituted against joint tortfeasors but was dismissed as to one of them before trial. We held that apportionment was required:

> "In the recent case of *Nix v. Jordan,* Ky., 532 S.W.2d 762 (1975), it was pointed out that the principle of *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970), applies

when there has been an active assertion of a claim against one who would be a defendant but for the fact that he has settled the claim. The same rationale applies to this situation, in which the claim asserted by the Reeds against Phillips was later dropped, whatever may have been the reason."

*Id.* at 308.

The basis for these holdings is the active assertion of a claim against joint tortfeasors. If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability to each, an apportionment instruction is required whether or not each of the tortfeasors is a party-defendant at the time of trial.

■ A tortfeasor who is not actually a defendant is construed to be one for purposes of apportionment if he has settled the claim against him or if he was named as a defendant in the plaintiff's complaint even though the complaint was subsequently dismissed as to him.

The rule requiring apportionment among tortfeasors no longer rests exclusively upon K.R.S. 454.040. Apportionment also follows as a natural consequence of our decision in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984). In that case, we overturned a rule of long-standing that contributory negligence was an absolute bar to recovery and adopted the rule of comparative negligence. Our stated reason for doing so was that simple fairness required, "liability for any particular injury in direct proportion to fault." *Hilen, supra*, at p. 718.

We have implemented this concept that the extent of liability is limited to the extent of fault in *Prudential Life Insurance Co. v. Moody*, Ky., 696 S.W.2d 503 (1985), in which we held that where the defendants are equally at fault, but the claim against one of them is barred by the statute of limitations, the other defendant cannot be liable for more than 50% of the damages.

■ It follows from *Hilen v. Hays* and *Prudential Life Insurance Company v. Moody* that when there are joint tortfeasors the liability of either of them is limited by the extent of his fault.[1]

■ It must be noted that the apportionment of a part of the fault to a tortfeasor who is not a party to this action does not impose any liability upon him or warrant a judgment against him. The apportionment only determines the percentage of the total damages for which he was actually responsible and for which he bought his peace. The appellees are responsible for the remaining percentage of the damages, and the judgment against them will be limited to that amount.

Because no question was raised in the trial court concerning the amount of the damages fixed by the jury, the Court of Appeals correctly ruled that there is no need for a retrial insofar as the amount of damages is concerned.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, STEPHENSON and VANCE, JJ., concur.

VANCE, J., concurs additionally by separate opinion.

WINTERSHEIMER, J., concurs by separate opinion.

LEIBSON, J., dissents by separate opinion in which LAMBERT, J., joins.

VANCE, Justice, concurring.

The majority is of the opinion that House Bill 551 enacted by the General Assembly, after the accident at issue here, is not controlling in this case. I agree that House Bill 551 does not have retroactive effect, but I think that it is not inappropriate to point out that in the future House Bill 551 will compel the result we reach in this case. The statute requires the jury to determine the percentage of the total fault of all the parties to each claim that is

---

**1.** Because of the rule established in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984) a majority of this court would now hold that apportionment is required even as to joint tortfeasors brought in as defendants in a third-party complaint and would overrule *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975) to the extent that it holds otherwise.

allocated to each claimant, defendant, *third party-defendant, and person who has been released from liability.*

Justice Leibson, in his dissent, expresses concern that the majority opinion represents a major departure from established precedent and will have an unsettling effect upon tort law. The greatest departure from established principles of tort law in this century was the opinion in *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984), authored by Justice Leibson. That opinion completely overturned an established precedent which had existed for more than 100 years. It represented an earthquake of unsettlement of established principles of tort law of a magnitude of 10 on the Richter scale, and as in the case of most earthquakes, it will be followed inevitably by a series of aftershocks.

The majority opinion does not overrule or depart from any established precedent, but it is an extension of the rule established by *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970). It is not a departure from, nor does it overrule, precedent because we have never previously held that apportionment could not be made against a nonparty. Such apportionment would not be permitted today, in my view, except for the guiding principle of *Hilen v. Hays, supra,* that liability should be apportioned according to fault and that the extent of liability should be related to the extent of fault.

In this trial, the jury was precluded from assessing the comparative extent of the fault of the two alleged tortfeasors, and the end result was that one of them was subjected to a portion of the liability without any determination that it represented his share of the fault. The result reached by the majority merely sends the matter back for a jury determination of the percentage of fault attributable to the appellant, and the judgment against him will then fairly correspond to the extent of his fault.

The result reached by the majority today is simply a ripple upon the pond of tort law which has spread outward from the splash made by *Hilen v. Hays, supra.*

WINTERSHEIMER, Justice, concurring.

I concur in the result reached by the majority. There was a legitimate difference of opinion between the Court of Appeals and the circuit court as to how the prior holdings of this Court should be applied to this situation. In view of this absence of clarity in the case law, I do not believe individual litigants should bear the burden of judicial or legal ambiguity. *Hilen v. Hays* should provide proper guidance in the future.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The facts are that Floyd, the injured plaintiff, accepted a *"nominal"* settlement ($2–3,000) in a case involving *serious* injury, when offered by the insurance carrier for his host driver, Whittamore, whom he *never sued,* and quite apparently, never intended to sue, and *thereafter* filed this suit against Wood and Carlisle Construction Company.

On two occasions at oral argument counsel for the respondents, Steven J. Wood and Carlisle Construction Company, Inc., acknowledged that the settlement was "nominal": once stating "We also discovered that Mr. Whittamore had previously settled with the plaintiff for a *nominal* amount"; and later stating "We should not, of course, be bound by that *nominal* settlement."

Indeed, they should be bound so far as any right to an apportionment instruction is concerned, because this settlement in no way impaired their right to contribution or indemnity against Whittamore, and because they deliberately *chose* not to name Whittamore in a third-party complaint. When asked at oral argument about this failure to seek redress against Whittamore, counsel for Wood and Carlisle Construction stated, "Why would any defense attorney bring someone into a case who obviously would be antagonistic to them if they did not have to?"

It surpasses understanding that against this factual background our Court has

elected to rewrite the common law, extending the principle in *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970) beyond its clearly defined limitation. *Orr* was based upon analogy to KRS 454.040, which permits a "jury" in a case on trial to "assess joint or several damages against the defendants." We held that if the plaintiff settled before trial with one of the defendants named in the law suit, the remaining defendant was entitled to an apportionment instruction. We were construing a statute clear in its direction, limited to named "defendants." In subsequent cases we have applied *Orr v. Coleman* in a variety of situations, but *never* have we permitted apportionment against an unnamed party. On the contrary, in *every* case applying *Orr v. Coleman*, it was the plaintiff's decision to sue a party that triggered the defendant's right to an apportionment instruction against such party; apportionment was permitted because the party had been a defendant before the court at some point in the litigation.

In *Corbin Motor Lodge v. Combs*, Ky., 740 S.W.2d 944 (1987), a decision written so recently that the ink is hardly dry, by the same author as the present Opinion, we stated "the law in this area," common law tort doctrine, should not be changed unless it "reaches an absurd result" or because "change in the present law is compelled in order to avoid grave injustices." 740 S.W. 2d at 946. We announced as our policy:

> "Unless the need to change the law is compelling, the majority of this court is of the opinion that stability in the law is of sufficient importance to require that we not overturn established precedent which itself is based upon a reasonable premise." *Id.*

If this is our policy, it should be uniformly applied. The present case is a critical departure from established precedent with roots in the common law well over a hundred years old. Yet we deny this claimant the benefit of the law because he took a "nominal" settlement from his host driver before filing suit in a serious injury case. Until now the law was that the named defendant in a law suit of this nature was *not* entitled to apportionment against some other person whom the plaintiff had never sued; instead, the defendant would be entitled to a credit against the judgment for the amount paid on behalf of a potentially liable person unnamed as a party in the litigation, and would retain the right to indemnity or statutory contribution against such other unsued person. *Orr v. Coleman, supra*, did not supplant *Restatement (Second) Torts* § 885(3), which provides that a payment by "any person" made in compensation for a claim for a harm for which others are liable is a credit against the judgment. All this is well set out in *Burke Enterprises, Inc. v. Mitchell*, Ky., 700 S.W.2d 789, 794–96 (1985).

To an impartial reader of our opinions, it must appear intolerably unjust that the present plaintiff was denied the benefit of established law which he relied on in taking a "nominal" settlement from his host driver before filing suit against the parties he deemed responsible. He must now endure a new trial to decide apportionment between the named defendant and an unnamed party. The cost for him must necessarily far exceed the "$2–3,000" he accepted. It is a no win situation.

In seeking to demonstrate his reliance upon established law, appellant's Brief cites a law review article explaining this subject, Germain, *Remedies: Contribution and Apportionment Among "Joint Tortfeasors"*, 65 Ky.L.J. 285 (1976–77), which explains that it is not settlement with an unnamed party that triggers the application of the apportionment principle in KRS 454.040, but the plaintiff's decision to sue designated parties which triggers the right to that instruction:

> "By its terms, KRS 454.040 appears to apply only to a situation in which P has sued both X and Y [co-tortfeasors]. Obviously, the jury could not assess 'joint damages against the Defendants' if P had sued only X and not Y." Germain, *supra*, at 295.

In *D.D. Williamson and Co. v. Allied Chemical*, Ky., 569 S.W.2d 672, 674 n. 3 (1978), we described this article as "a very thorough and helpful discussion and evalu-

ation of Kentucky law on the subject." We have turned it into a disaster for the present plaintiff who relied on it.

In a case where the equities are all on the side of the plaintiff, we have chosen to reverse this longstanding principle. This case does not involve assessing comparative negligence among named parties, but permitting the defendant to evade liability by throwing blame on an unnamed person.

Our Opinion in *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984), so hyperbolically indicted in Justice Vance's "Concurring Opinion," is not a legitimate explanation for the present legal aberration. Justice Vance states:

"Such apportionment would not be permitted today, in my view, except for the guiding principle of *Hilen v. Hays,* ..."

The comparative negligence principle in *Hilen v. Hays* does not excuse, must less suggest, today's unjust result. The proper extrapolation of the comparative negligence principle to present circumstances is articulated in the Uniform Comparative Fault Act, 12 U.L.A., Civ.Proc. and Rem.Law (Cum.Supp.1984), adopted in part in *Hilen v. Hays.* The Act provides for apportionment among defendants and *named* third party defendants. In the event that any such *named* party is noncollectible, the percentage of liability apportioned to such party shall then be born by the remaining parties to the lawsuit (plaintiff, defendants and third party defendants) on the basis of their comparative fault. There is nothing about the comparative fault principle, fairly applied, calling for the abuse inflicted upon the present plaintiff/appellant.

In the present case the appellant claims that there was, in any event, no evidence of any negligence on the part of his host driver to submit to a jury, and the record seems to bear this out. The defendants/appellees' responded that liability was "hotly disputed," but point to nothing specific that would establish that the unnamed host driver acted negligently. The appellees' position is that "because the exact nature of the collision is *not important* to the issue on appeal, a detailed description

of the collision is *not necessary."* (Emphasis added.) On the contrary, we should view it essential that the defendants/appellees first establish there was evidence justifying a finding of fault against the unnamed host driver before we even consider whether to set aside the trial court's judgment and order a new trial on this issue.

*Nix v. Jordan,* Ky., 532 S.W.2d 762 (1975) defined the previous limitation on the application of the *Orr v. Coleman* principle. Plaintiff, who was a passenger in her husband's vehicle, elected to sue only the driver of the vehicle with which her husband collided. Defendant filed a third-party complaint naming plaintiff's husband. Our Court held that the apportionment principle stated in *Orr v. Coleman* did not apply in these circumstances, explaining that "the authority for *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970) *derives from a statute (KRS 454.040)* which cannot fairly be construed that liberally. Literally, the statute permits apportionment only against 'defendants,' which necessarily means joint defendants." 532 S.W.2d at 763. Emphasis added.

The present case not only offends the law as announced in *Nix v. Jordan,* but goes a critical step beyond that case because, unlike *Nix v. Jordan,* here the present defendants were not even named in a third-party complaint.

The present opinion is extraordinary. It discusses overruling *Nix v. Jordan* in a footnote, volunteering that "a majority of this court ... would overrule *Nix v. Jordan,"* when the fact situation is different here, and when we have not been asked to consider overruling *Nix v. Jordan* in this case. On the contrary, defense counsel stated at oral argument:

"I do not want to have you overrule *Nix v. Jordan.* I think *Nix v. Jordan* is good law."

What the defendants/respondents do seek in our Court, in no uncertain terms, is to reverse the trial court which followed established law, and to affirm the Court of Appeals which erroneously cited precedent; to hold that the apportionment principle in KRS 454.040 applies where the plaintiff

has accepted a nominal settlement before filing suit from some other person who is not a named defendant or even a third-party defendant.

Justice Vance, the author of the Majority Opinion, has also filed a Concurring Opinion in which he undertakes a discussion of the meaning and effect of H.B. 551, a statute we have yet to consider. It may be within the authority of the General Assembly to effect a statutory change in this aspect of the common law. If so, such a change may bind future plaintiffs in future cases. But it seriously intrudes upon both *stare decisis* and simple justice to impose this result on this plaintiff in this case.

This is *not* the case to make new law. This is true especially if there are statutory changes to be considered just over the horizon. The situation calls for nothing more than an unpublished opinion following established law, reversing the Court of Appeals and affirming the judgment in the trial court.

LAMBERT, J., joins in this dissent.