KEVIN TUCKER & ASSOCIATES, INC., and Its Successors–In–Interest, Tucker–Hinson Associates, Inc., and the Kevin Tucker Group, Inc. and Kevin Tucker, J.T. Buckner and Alan J. Wyatt, Individually, Appellants,

v.

SCOTT & RITTER, INC.; and City of Bowling Green, Kentucky, Appellees.

No. 91–CA–2204–MR.

Court of Appeals of Kentucky.

Dec. 18, 1992.

Steven D. Downey, Bowling Green, for appellants.

Dixie R. Satterfield, Eugene Harmon, Bowling Green, for appellees.

George Parker, David Hazlett, Louisville, for appellees Scott & Ritter.

Before GUDGEL, JOHNSON and MILLER, JJ.

JOHNSON, Judge.

This case is a dispute between the City of Bowling Green (hereinafter "City"), an architectural firm (hereinafter "Tucker"), and a building contractor (hereinafter "Scott & Ritter") over the faulty construction of a golf course. The City had separate con-

tracts with each of the other parties; Scott & Ritter's contract had an arbitration clause, Tucker's contract did not. The City sued Tucker alleging both negligence and breach of contract; Tucker filed a third-party complaint against Scott & Ritter alleging that any damages were the contractor's fault. At issue here is whether the trial court erred in dismissing the third-party complaint against the contractor, Scott & Ritter. We find no error, and affirm the dismissal.

■ The third-party defendant, Scott & Ritter, was brought into this case under CR 14. That rule allows a defendant to bring in one who may be liable *to the defendant* "for all or part of the plaintiff's claim" against the defendant. Scott & Ritter filed their motion to dismiss under CR 12.02(f), asserting Tucker's failure to state a claim upon which relief can be granted. Such a motion should only be granted when it appears to a certainty that the claimant is entitled to no relief under any state of facts which could be proved in support of the claim. *Spencer v. Woods*, Ky., 282 S.W.2d 851 (1955).[1]

## I. Tucker Is Not Prejudiced By The Dismissal Of Scott & Ritter With Respect To The Tort Claim

■ Scott & Ritter insist that Tucker cannot possibly recover from them because the duties that exist between the parties

and the measure of damages for any breach of duty all must be controlled by the contracts between the parties. From dicta in *Penco, Inc. v. Detrex Chemical Industries*, Ky.App., 672 S.W.2d 948 (1984), Scott & Ritter conclude that any time an act constitutes both a tort and a breach of contract, the plaintiff must waive the tort and sue in contract. We do not believe that this is now or ever was the law. *See Hovermale v. Central Kentucky Natural Gas Co.*, Ky., 282 S.W.2d 136 (1955); *Alberti's Adm'x v. Nash*, Ky., 282 S.W.2d 853 (1955); CR 18.01. Nevertheless, recent Kentucky decisions make the point immaterial.

■ In cases involving joint or concurrent tortfeasors, liability must be apportioned between each tortfeasor against whom a claim has been asserted.[2] *Floyd v. Carlisle Const. Co., Inc.*, Ky., 758 S.W.2d 430 (1988); KRS 411.182. Apportionment applies to defendants, third-party defendants, and tortfeasors who have settled with the plaintiff. *Dix & Associates v. Key*, Ky., 799 S.W.2d 24 (1990). Moreover, each tortfeasor's liability is limited by the extent of his fault.[3] *Floyd, supra; Prudential Life Ins. Co. v. Moody*, Ky., 696 S.W.2d 503 (1985).[4] It follows that Tucker is not entitled to contribution from Scott & Ritter, because Tucker's liability in tort is limited to those damages caused by Tucker.[5]

---

1. Appellants, Tucker, et al., contend that Scott & Ritter argued the facts in supporting their motion; appellants seem to believe this was improper, but even if matters outside the pleadings were presented, it would simply convert the motion to one for summary judgment. *See McCray v. City of Lake Louisvilla*, Ky., 332 S.W.2d 837 (1960). We do not believe that the facts argued to the trial court were such as to come under the heading of "matters outside the pleading." *See Spillman v. Beauchamp*, Ky., 362 S.W.2d 33 (1962). But it is immaterial in this case; there cannot be an issue of material fact if the claimant cannot recover under any set of facts.

2. It is clear that Tucker cannot be vicariously liable for *Scott & Ritter's* actions.

3. We do not believe that these rules are good policy; they seem certain to produce unjust results in many cases. See Justice Liebson's

dissents in *Dix* and *Moody, supra*. Nevertheless, until the Legislature or Supreme Court changes them, we are bound to follow them. SCR 1.030(8).

4. KRS 411.182 is the relevant statute. The cases are still important, however, because they speak clearly on several points where the statute does not: 1) apportionment is to be made only where there has been an active assertion of a claim; *compare Floyd*, 758 S.W.2d at 432, *with* KRS 411.182(1) and (4); 2) liability is limited to the extent of fault; *compare Floyd, supra, with* KRS 411.182(3) and (4).

5. Under the apportionment rules set out above, third-party defendants may often be entitled to dismissal on the grounds that they cannot be liable to the third-party plaintiff. *Cf.* CR 14.01 (defendant may bring in one who may be liable to *him* for all or part of the *plaintiff's* claim). This does not mean that defendants should not

## II. Tucker Is Not Prejudiced By The Dismissal Of Scott & Ritter With Respect To The Contract Claims

We believe that rules similar to the above also apply in contract cases. "Thus, as a general rule, when there is a logical basis to allocate damages between two or more incidents and among various parties, an attempt should be made to do so." 22 Am.Jur.2d *Damages* § 29 (1988). In Kentucky, it appears that apportionment is now required in some cases even when logic suggests there is no basis for it. *Compare Dix & Associates v. Key*, Ky., 799 S.W.2d 24 (1990), *with Crime Fighters Patrol v. Hiles*, Ky., 740 S.W.2d 936 (1987). In short then, unless the defendant is vicariously liable for, or has contracted to be liable for, the acts or omissions of another, apportionment is required. *See Dix & Associates, supra.* In this case, Tucker cannot be vicariously liable for Scott & Ritter's actions—Scott & Ritter was the City's agent rather than Tucker's. Likewise, there are no allegations that Tucker agreed to assume liability for Scott & Ritter.[6] Therefore, whether the City's claims are stated in tort or in contract is immaterial; if the evidence at trial shows that Scott & Ritter caused some portion of the City's damages, Tucker will be entitled to an apportionment instruction. Scott & Ritter is entitled to be dismissed, however, because they cannot be liable to Tucker under any circumstances.

We affirm the judgment of the circuit court.

MILLER, J., concurs.

GUDGEL, J., concurs in result only.

---

assert these third-party claims; for if there is never an "active assertion of a claim" against the third party, liability cannot be apportioned to him. *See Floyd*, 758 S.W.2d 430. As a consequence, the defendant might incur liability for damages caused by that third party. Whether the defendant would then retain his right to an action against the third party for contribution or indemnity under the principles of *Brown Hotel Company v. Pittsburg Fuel Company*, 311 Ky. 396, 224 S.W.2d 165 (1949), and *Crime Fighters Patrol v. Hiles*, Ky., 740 S.W.2d 936 (1987), need not be addressed here. Of course, if the third-party plaintiff's claim is dismissed, the plaintiff may ordinarily amend his complaint to make the ex-third-party defendant a defendant. *See* CR 15.03(2).

6. To the contrary, it appears that Tucker's contract with the City expressly disclaimed any responsibility for Scott & Ritter's acts or omissions. *Cf. Crime Fighters Patrol, supra.*