Diana BAKER, Appellant,

v.

Ruth WEBB; Hamilton Mutual Insurance Co.; and Westerfield Insurance Co., Appellees.

No. 93–CA–0009–MR.

Court of Appeals of Kentucky.

July 1, 1994.

Discretionary Review Denied By Supreme Court Oct. 19, 1994.

Howard O. Mann, Stephen C. Smith, Trimble & Mann, Corbin, for appellant.

Kenneth H. Gilliam, Hamm, Milby & Ridings, London, for appellees, Webb and Hamilton Mut. Ins. Co.

Michael P. Farmer, Farmer & Kelley, London, for appellee, Westerfield Ins. Co.

Before HOWERTON, McDONALD and WILHOIT, JJ.

McDONALD, Judge.

This is an appeal from a jury verdict where an apportionment of liability was assessed against a non-settling, non-party driver. We reverse consistent with our prior opinion in *Bass v. Williams,* Ky.App., 839 S.W.2d 559 (1992).

On January 3, 1990, Diana Baker was struck after getting out of a vehicle driven by Tim Baker, her brother-in-law. Ruth Webb backed her car out of a parking space and into the side of the Baker vehicle, pinning Diana between the two vehicles. Diana claimed various injuries including a miscarriage, inasmuch as she was six weeks pregnant at the time.

Diana Baker sued Ruth Webb but not Tim Baker, the host driver, nor was Tim Baker impleaded into the suit by Ruth Webb. No claims were presented against Tim Baker and no release or any settlement was secured on his behalf.

At trial, over an objection of record, the jury was instructed on the duties of Ruth Webb, Tim Baker and Diana Baker, with an apportionment-of-liability instruction including Tim Baker, the non-party. The jury returned with a verdict apportioning the fault to 30% each for Diana Baker and Ruth Webb, and 40% to Tim Baker.[1]

---

**1.** The instruction objected to concerning the non-party, Tim Baker, stated:

*INSTRUCTION NO. 3*

It was the duty of Tim Baker, the operator of the vehicle in which Diana Baker was a passenger, in driving his automobile to exercise

The appellant, Diana Baker, first asserts on appeal that the trial court committed prejudicial error in instructing the jury as to duties of a non-party driver and allowing fault to be apportioned against the non-settling non-party, Tim Baker.

Baker relies on *Bass v. Williams, supra,* as dispositive of this appeal, and we agree, unless Appellee Webb can convince us to the contrary.

Webb's argument on this issue takes two avenues of approach. First, *Bass* should be overruled because it too narrowly interprets KRS 411.182.[2] Webb argues that a defendant is unfairly left to the mercy of a plaintiff who selects who is sued.

Secondly, *Bass* failed to follow established law as handed down through *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970); *Floyd v. Carlisle Construction Company, Inc.,* Ky., 758 S.W.2d 430 (1988); *Nix v. Jordon,* Ky., 532 S.W.2d 762 (1975); *Daulton v. Reed,* Ky., 538 S.W.2d 306 (1976); *Stratton v. Parker,* Ky., 793 S.W.2d 817 (1990); *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984); and *Kevin Tucker & Associates v. Scott & Ritter,* Ky.App., 842 S.W.2d 873 (1992). Be mindful that only *Kevin Tucker & Associates* was decided after the enactment of KRS 411.182.

In response to Webb's first argument, it is obvious from its absence of citations that CR 14.01 is ignored, we assume because it drives a stake into the heart of Webb's position. The rule provides: "A defendant [here Webb] may move for leave as a third-party plaintiff to assert a claim against a person not a party [here Tim Baker] to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Webb's lament that she is left to the mercy of the plaintiff who picks those sued is not altogether true. Webb, as a sued defendant, may by motion bring into the litigation those whom she feels may be liable, and if such persons are not properly dismissed, they will become subject to apportionment of fault. If Webb does not utilize CR 14.01 for this purpose, she does so at her own peril.

Webb's other argument on this issue is that the *Bass* opinion failed to follow established law. We disagree. The cases previously relied upon by Webb were decided by the Supreme Court prior to the enactment of KRS 411.182. The statute codified the law of allocation of fault and joint and several liability. The statute will prevail over the case law.

The decisions relied on by Webb which were prior to KRS 411.182 were inconsistent and confusing; each seemed to settle an isolated point of law but never the whole problem presented. The cases were described in one dissent as "vexatious." At the least, we may say, their holdings were as incompatible

---

ordinary care for the safety of other persons using the parking lot, including his passenger, Diana Baker, and this general duty included the following specific duties;

(a) To keep a lookout for other persons and vehicles near enough to be affected by the intended movement or stopping of his automobile;

(b) Not to stop his automobile in a no parking zone or on the traveled portion of the parking lot to let out a passenger unless it was safe to do so;

AND

(c) To exercise ordinary care generally to avoid collision with other persons and vehicles in the parking lot, including Ruth Webb's automobile.

2. **"411.182. Allocation of fault in tort actions—Award of damages—Effect of release.**—(1) In all tort actions, ... involving fault of more than *one party to the action, including third-party defendants and persons who have been released under subsection (4)* of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating (emphasis added):

"(a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and

"(b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

. . . .

"(4) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation, determined in accordance with the provisions of this section."

with one another as sin is with salvation; thus the reason the legislature stepped in with the enactment of KRS 411.182.

Webb seeks comfort in the opinion of this Court found in *Kevin Tucker & Associates v. Scott & Ritter, supra,* claiming it overrules *Bass.* However, *Bass* was not cited in *Kevin Tucker & Associates,* and further, unlike the facts in *Bass,* CR 14.01 was used to bring into the litigation Scott & Ritter, Inc. as a party who was not originally sued. KRS 411.182 was complied with, although Scott & Ritter, Inc. was subsequently dismissed.

Lastly, Webb argues that where KRS 411.-182(2) uses the phrase "party at fault," it does not mean "party to the litigation" but anyone at fault. However, the thrust of KRS 411.182, considered in its entirety, limits allocation of fault to those who actively assert claims, offensively or defensively, as parties in the litigation or who have settled by release or agreement. When the statute states that the trier-of-fact shall consider the conduct of "each party at fault," such phrase means those parties complying with the statute as named parties to the litigation and those who have settled prior to litigation, not the world at large.

We conclude there is no reason to retreat from our opinion in *Bass* on the issues presented, and we reverse the judgment of the circuit court and remand the case for a new trial on the issues of damages and apportionment of fault between Diana Baker and Ruth Webb.[3] *See City of Louisville v. Allen,* Ky., 385 S.W.2d 179 (1964).

All concur.

---

**3.** We have been unable to determine from the record and pleadings if the accident occurred upon a public way. Upon retrial, if the accident happened upon private property, then specific statutory duties would not be imposed on the parties. *See Johnson v. Haddix,* Ky., 522 S.W.2d 859 (1975).