**Matthew YORK, Appellant,**

v.

**PETZL AMERICA, INC. and Petzl Securite, Appellees.**

**No. 2009–CA–001483–MR.**

Court of Appeals of Kentucky.

Sept. 24, 2010.

Rehearing Denied Nov. 22, 2010.

Discretionary Review Denied by Supreme Court Dec. 14, 2011.

Brian Schuette (argued), Bowling Green, KY, Patricia Thomas, Burkesville, KY, for appellant.

Marc A. Lovell (argued), Travis W. Calvert, Bowling Green, KY, for appellees.

Before CLAYTON and KELLER, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

BUCKINGHAM, Senior Judge:

Matthew York appeals from an order of the Cumberland Circuit Court granting summary judgment in favor of Petzl America, Inc., in a personal injury action. For the following reasons, we reverse and remand.

York, the assistant chief of the Marrowbone Volunteer Fire Department in Cumberland County, was 24 years old at the time of the accident. While attending a class for volunteer firefighters at the Burkesville Volunteer Fire Department on April 12, 2004, York fell 15–20 feet onto a concrete surface while performing a rappelling exercise. The fall was caused by his harness coming open. York injured his lower back and spine, and surgery was required.

York filed a civil complaint in the Cumberland Circuit Court asserting a products liability claim against Petzl, as the manufacturer of the harness, based on his claims of defective design and negligent failure to warn. York also brought claims for negligent instruction against the course instructor, Charles Sparks, and for negligent training and supervision against Sparks's supervisor, Charles Shaw.

Petzl later filed cross-claims against Sparks and Shaw seeking indemnity, contribution, and apportionment of fault. Sparks and Shaw both filed answers denying any liability on the cross-claims.

Thereafter, York settled his claims against Sparks and Shaw, executing a settlement agreement and release that required York to indemnify Sparks and Shaw against any other claims, including claims by Petzl. Specifically, the agreement stated the following:

In consideration of the monetary settlement and agreement as specifically described herein, [York] does hereby agree to indemnify, save and hold harmless [Shaw and Sparks] from any and all other claims, cross-claims, damages, demands, actions or causes of action by any party, including, but not limited to [Petzl], for reimbursement of any sums paid to or on behalf of [York] as a result of the injuries or damages allegedly sustained which is the subject of the lawsuit. Moreover, [York] agrees that any settlements reached with any other party or parties to the suit, either current party or in the future, will require that the settling party release any and all claims for indemnity, contribution or ap-

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

portionment it may have against said [Shaw and Sparks]. [York] does not, however, agree to indemnify [Shaw and Sparks] from any claims of subrogation or repayment by [York's] workers' compensation carrier for any amounts paid to [York] by way of workers' compensation benefits or for any attorneys' fees, costs and/or expenses associated therewith.

The trial court entered an agreed order of partial settlement and dismissal with regard to York's claims against Sparks and Shaw, while York's claims against Petzl were expressly reserved.

After the agreement was signed, Sparks and Shaw both filed motions for summary judgment on Petzl's cross-claims, claiming that Petzl had not asserted an appropriate basis for common law indemnity against them and that Kentucky courts no longer recognized contribution as a valid claim. York neither responded to the motions nor appeared at the hearing of them.[2] The court entered an interlocutory order denying their motions for summary judgment and finding that Petzl was entitled to common law indemnification from them.

Petzl thereafter moved for summary judgment against York, arguing that because it was entitled to common law indemnity from Sparks and Shaw based on the court's interlocutory order and because York had agreed to indemnify Sparks and Shaw in the release, York's products liability claims were extinguished because he would be responsible for any judgment which might be rendered in his favor against Petzl. In its brief, Petzl states its argument as follows:

If Appellant York is able to establish and recover any damages from Petzl, then Sparks and Shaw are immediately obligated to indemnify and reimburse Petzl for any money paid to York based upon the Cumberland Circuit Court's January 22, 2009, determination of indemnity in favor of Petzl against Shaw/Sparks. Through York's own Settlement Agreement, York would then be contractually required to indemnify and reimburse Sparks and Shaw for the money they paid Petzl. The circular chain of indemnity claims, which is supported by contract and operation of law, results in a circuitry of action leaving both Appellant York and Petzl in the same position they were in prior to the litigation.

In response to Petzl's summary judgment motion, York claimed that the court erred in ruling that Petzl was entitled to common law indemnity from Sparks and Shaw,[3] and he asserted that the case should be submitted to a jury with an apportionment instruction allocating fault as between all parties. The trial court granted summary judgment in favor of Petzl, and this appeal followed.

Before addressing the parties' arguments, we will begin with a general statement about the applicable standard of review. When a trial court grants a motion for summary judgment, the relevant standard of review is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001) (quoting *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App.1996)). The party opposing summary

---

2. While Petzl emphasizes this fact in its brief, it does not raise a specific argument that York should now be precluded from attacking the interlocutory order on that ground.

3. York asserts in his brief that this interlocutory order "is the root of the problem in this case."

judgment must present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Lewis,* 56 S.W.3d at 436 (quoting *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 482 (Ky.1991)). The trial court must "view the evidence in the light most favorable to the nonmoving party[.]" *Id.* (quoting *Steelvest,* 807 S.W.2d at 480–82). Because summary judgment involves only legal issues, "an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis,* 56 S.W.3d at 436. Further, the question of whether there should be indemnity is a question of law once the facts have been determined by a jury. *Robinson v. Murlin Phillips & MFA Ins. Co.,* 557 S.W.2d 202, 204 (Ky.1977).

Kentucky has adopted a comparative negligence scheme in negligence cases. *See Hilen v. Hays,* 673 S.W.2d 713, 720 (Ky.1984). Additionally, KRS 411.182 confirms that comparative negligence applies to products liability cases, stating in pertinent part that:

> (1) In all tort actions, *including products liability actions,* involving fault of more than one (1) party to the action, including third-party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed to by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:
>
> > (a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
> >
> > (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.
>
> . . .
>
> (4) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation, determined in accordance with the provisions of this section.

(Emphasis added).

 Kentucky cases have held that the above statute does not do away with the common law right to indemnity, which is available "to one exposed to liability because of the wrongful act of another with whom he/she is not *in pari delicto*[,]" or equally liable.[4] *Degener v. Hall Contracting Corp.,* 27 S.W.3d 775, 780 (Ky. 2000). As stated in *Degener:*

> The cases in which recovery over is permitted in favor of one who has been compelled to respond to the party injured are exceptions to the general rule, and are based upon principles of equity. Such exceptions obtain in two classes of cases: (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the

4. The *"in pari delicto"* doctrine is generally stated as "when both parties are guilty, the court will leave them where it finds them."

*Forbes v. City of Ashland,* 246 Ky. 669, 55 S.W.2d 917, 919–20 (1932).

party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Id.* at 780 (quoting *Louisville Ry. v. Louisville Taxicab & Transfer Co.,* 256 Ky. 827, 77 S.W.2d 36, 39 (1934)) (quoting *Trustees of Village of Geneva v. Brush Elec. Co.,* 3 N.Y.S. 595, 596 (N.Y.Sup.Ct.1889)). Therefore, the apportionment statute does not abolish the common law right of indemnity where one is only constructively or secondarily liable to a plaintiff.

The case of *Franke v. Ford Motor Co.,* 398 F.Supp.2d 833 (W.D.Ky.2005), sheds some light on this distinction and contains facts very similar to this case. In *Franke,* the plaintiff was injured while installing a mechanical lift table on behalf of his employer, Burns Machinery, at a truck plant owned by Ford Motor Company. The plaintiff filed suit against Ford alleging various theories of negligence, including negligent supervision. The plaintiff also asserted negligence and strict liability claims against Gemini Products, the supplier of the lift table, and Air Technical Industries ("ATI"), the table's manufacturer.

During the litigation, ATI sought leave to file an amended answer in order to assert cross-claims against Ford, Burns, and another party for common law indemnity. The court ultimately denied ATI's motion because it concluded that ATI had not asserted a proper basis for an indemnity claim, as it could not be determined with certainty that any one party was entirely or primarily responsible for the injuries. Relying on the holding of *Degener,* the court reasoned that:

Under Kentucky comparative fault principles, the jury will be instructed to apportion liability in proportion to the fault of each defendant. Assuming ATI's allegations are true and the jury agrees, the amount of the accident caused by the negligence of Ford's employee will be apportioned to Ford ... not to ATI. ATI will be liable only for its own negligence, if any. Because ATI had alleged no appropriate basis for asserting an indemnity claim against Ford, Abel, or Burns, however, the Court will deny its motion.

*Franke,* 398 F.Supp.2d at 840.

■ The analysis utilized by the court in *Franke* is persuasive. In this case, taking every allegation in Petzl's cross-claim as true, the fact remains that no agency or quasi-agency relationship existed between the parties, nor can it be said with complete certainty that any negligence on the part of Sparks or Shaw was the entire or primary cause of York's injuries. Rather, a jury could decide that York was injured solely as a consequence of Petzl's failure to design the rappelling harness correctly or Petzl's failure to supply proper warnings regarding the use of the harness. A jury might also determine that Petzl, Sparks, and Shaw were all equally liable, or *in pari delicto,* which would bar any claims for indemnity by Petzl. Accordingly, we conclude that summary judgment was not appropriate in this situation.[5]

■ Moreover, it is a well-established principle that one cannot be required to indemnify if one is not liable. *ARA Serv., Inc. v. Pineville Cmty. Hosp.,* 2 S.W.3d 104, 106 (Ky.App.1999). *See also Clark v.*

---

5. Petzl has argued that "[t]he controlling case precedent in question is *Crime Fighters Patrol v. Hiles,* 740 S.W.2d 936 (Ky.1987)." The facts therein are clearly distinguishable from those in this case, however, because the parties against whom liability was sought in *Hi-*

*les* were not *in pari delicto.* In that case the settling party was clearly the party at fault, and any liability of the nonsettling party was only through the settling party's fault. Thus, the nonsettling party was entitled to summary judgment. *Id.* at 940–41.

*Hauck Mfg. Co.,* 910 S.W.2d 247, 253 (Ky. 1995), *overruled on other grounds by Martin v. Ohio County Hosp. Corp.,* 295 S.W.3d 104 (Ky.2009) ("Indemnity is not an issue until fault has been determined.... There can be no indemnity without liability."). In this case, no determination of liability has been made with regard to Shaw or Sparks.

The agreement states that York will indemnify and hold harmless Shaw and Sparks "from any and all other claims, cross-claims, damages, actions or causes of action by any party, including, but not limited to [Petzl]...." At this point, there has not been a determination that Shaw and Sparks have any fault or liability whatsoever on any claim or cross-claim. Rather, the agreement specifically states that "[t]he parties to this Settlement Agreement and Release understand, acknowledge and agree that the damages, expenses, and fees that they have allegedly sustained and the alleged legal liability are disputed and denied[.]" The agreement further states that "the payment is not to be and will not be construed as an admission of liability on the part of [Sparks and Shaw]."

■ As the Kentucky Supreme Court stated in the *Clark* case, "[i]ndemnity is not an issue until fault has been determined." *Id.* at 253. Therefore, because there was no determination made regarding Sparks's and Shaw's liability, there could be no summary judgment on the issue of common law indemnity at that point.

Under Kentucky's comparative fault principles, the jury should be instructed to apportion liability in proportion to the fault of each defendant (as well as to York, if appropriate), as KRS 411.182 provides for fault to be apportioned to a settling party. Assuming Petzl's allegations in the cross-claim are true and the jury agrees, the amount of the accident caused by the negligence of Sparks and Shaw will be apportioned to them and not to Petzl. Petzl will be liable only for its own negligence, if any.

■ Next, Petzl argues that York has waived on appeal the issue of whether the trial court erred by granting Petzl summary judgment by not specifically stating the issue in his prehearing statement. Kentucky Rules of Civil Procedure (CR) 76.03(4)(h) requires that a party's prehearing statement to this court contain "[a] brief statement of the facts and issues proposed to be raised on appeal[.]" CR 76.03(8) states that "[a] party shall be limited on appeal to issues in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion."

In his prehearing statement, York stated the issues to be raised on appeal as follows:

A. Whether the Trial Court erred in ruling Petzl America, Inc. was entitled to common law indemnification from Sparks and Shaw, rather than being subject to an apportionment of liability under KRS 411.182.

B. Whether the allocation of fault in this product liability action is governed by the principles of comparative fault, as codified at KRS 411.182.

C. Whether *Caterpillar v. Brock,* 915 S.W.2d 751 (Ky.1996), requires that this matter be submitted to a jury under principles of comparative fault, as codified at KRS 411.182.

In *Capital Holding Corp. v. Bailey,* 873 S.W.2d 187 (Ky.1994), the Kentucky Supreme Court held that "failure to observe strict compliance with CR 76.03 is not jurisdictional. This being so, the question is one of substantial compliance[.]" *Id.* at

197. Here, although York did not specifically mention the summary judgment by name in his prehearing statement, we conclude that he substantially complied with the rule by clearly stating the issues upon which the summary judgment was based.

The order of the Cumberland Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

ALL CONCUR.