**MEMORIAL SPORTS COMPLEX, LLC, Appellant**

v.

**Daryl MCCORMICK and Dale Mowery, Appellees**

and

**Memorial Sports Complex, LLC, Appellant**

v.

**Herb Geddes Fence Company, Inc., Appellee**

NO. 2013-CA-001788-MR, NO. 2014-CA-000200-MR

Court of Appeals of Kentucky.

RENDERED: SEPTEMBER 2, 2016

BRIEFS FOR APPELLANT: Bruce E. Smith, Nicholasville, Kentucky

BRIEF FOR APPELLEE DARYL McCORMICK: William P. Carrell II, A. Campbell Ewen, Louisville, Kentucky

BRIEF FOR APPELLEE DALE MOWERY: David C. Jones, Lexington, Kentucky

BRIEF FOR APPELLEE HERB GEDDES FENCE COMPANY, INC.: James C. Wade, William B. Orberson, Louisville, Kentucky

BEFORE: D. LAMBERT, MAZE AND THOMPSON, JUDGES.

## OPINION

THOMPSON, JUDGE:

David Merritt Mowery filed a personal injury action against Memorial Sports Complex, LLC (Memorial) for an injury he received after running into a fence while playing baseball on its field. Memorial then filed third-party complaints against Daryl McCormick, Dale Mowery (Dale) and the Herb Geddes Fence Company, Inc. (Geddes) seeking indemnity, contribution or apportionment. Memorial appeals the Jessamine Circuit Court's dismissal of these third-party defendants.

In 2002, Memorial, acting through its sole member who was also its general contractor, undertook the development of a baseball sports complex that included several baseball diamonds. Each baseball field was designed and constructed according to Memorial's specifications, including the fences that Geddes constructed. Memorial made the decision not to include the typical visual warning signals that help players distracted by an ongoing play to notice when they are approaching a fence; the field lacked a "warning track" (an area made of dirt next to the fence to help players differentiate it from the field) and colored corrugated piping at the top of the fence to help players identify the specific location of the fence. The fence also lacked additional reinforcement at the bottom.

On May 31, 2005, Mowery, a minor at the time, was playing with his team on one of the Memorial baseball fields. He was attempting to field a foul ball from his position in right field when he dove for the ball. His left arm slid under the fencing and he sustained a "greenstick fracture" as his body recoiled from the force of hitting the ground.

After reaching the age of eighteen, Mowery filed suit against Memorial in 2008 for negligence in failing to warn of the hazard and in failing to maintain the premises in a reasonably safe condition. Memorial immediately filed third-party complaints against several other third parties,[1] alleging they contributed to the cause of Mowery's injury and asserted claims for indemnity, contribution and apportionment. Memorial specifically alleged that McCormick, as Mowery's coach, breached his duties to instruct and supervise Mowery so he could avoid injury-causing accidents while playing baseball and failed to inspect and advise Mowery about the physical conditions of the ballpark on which Mowery played. Memorial alleged Dale, as Mowery's father, failed to reasonably supervise Mowery when he was in his presence during the game. In Memorial's amended third-party complaint, Memorial added the allegation that both McCormick and Dale were the primary and efficient cause of Mowery's injury.

After taking extensive discovery, in 2013 McCormick moved for a judgment on the pleadings against Memorial and Dale moved for summary judgment.

While waiting for the resolution of those motions, Memorial requested and was granted leave to file a second amended third-party complaint naming additional third-party defendants. Memorial alleged

---

1. We only discuss those third-party defen-     dants who are before us on appeal.

Geddes was responsible because it negligently failed to exercise reasonable care in its construction of the fence and was the primary and efficient cause of the injuries suffered by Mowery.

The trial court granted McCormick's and Dale's motions and dismissed Memorial's third-party claims against them with prejudice in identical judgments, stating "Due to the applicability of apportionment of fault, as required in [Kentucky Revised Statutes] KRS 411.182, there is no right to contribution" and "indemnity is not appropriate as the kind of fault alleged by Plaintiff Mowery against Memorial Sports Complex, LLC is that it created and/or maintained the hazard that was the alleged cause of Mr. Mowery's claimed injuries." The final judgments contained language that "This dismissal will not prevent Third-Party Plaintiff [Memorial] from seeking an apportionment instruction relevant to the claims against it to the extent that any fault can be proved against the now dismissed Third-Party Defendant[s][.]" Memorial appealed from McCormick and Dale's dismissal in 2013-CA-001788-MR.

Geddes moved for summary judgment which was granted by the trial court, dismissing Memorial's claims "with prejudice, as a matter of law, subject to apportionment in Plaintiff's [Mowery's] claim against Memorial." Memorial appealed from Geddes's dismissal in 2014-CA-000200-MR. The two appeals were consolidated by our Court.

■ Because the dismissals of the third-party claims were decided identically, we apply the summary judgment standard to all. "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment "should only be used 'to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'" *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 483 (Ky.1991) (quoting *Paintsville Hospital Co. v. Rose,* 683 S.W.2d 255, 256 (Ky.1985)).

Memorial argues the trial court erred by determining that indemnity, contribution or apportionment was not available against the third-party defendants. We disagree.

■ Indemnity is "an equitable remedy resting upon the concept that one is responsible for the consequences of one's own wrong." *Union Carbide Corp. v. Sweco, Inc.,* 610 S.W.2d 932, 934 (Ky.App. 1980). Other parties are entitled to indemnification from a party who is "the primary and efficient cause of the injury[.]" *Degener v. Hall Contracting Corp.,* 27 S.W.3d 775, 780 (Ky.2000) (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.,* 256 Ky. 827, 77 S.W.2d 36, 39 (1934)). While Memorial is correct that indemnity remains a viable claim against third parties, it simply does not apply to this situation. Under the alleged facts Memorial is the primary cause of the injury and, thus, not entitled to indemnification from third parties.

■ Summary judgment can be appropriate on an indemnity claim where there is no disagreement as to the material facts and only disagreement as to the legal significance of those facts. *Crime Fighters Patrol v. Hiles,* 740 S.W.2d 936, 940–41 (Ky.1987). There is no dispute that Memorial created the alleged hazards that Mowery is claiming caused his injury. Mowery alleges his fracture occurred because Memorial was negligent in failing to warn of

the hazard of the fence and in failing to maintain the premises in a reasonably safe condition, based on the lack of visual cues as he was approaching the fence. Memorial designed the fields and determined the type of fence that Geddes should construct. The fence installed by Geddes was constructed to Memorial's specifications and Memorial made the decision not to install a warning track or colored piping at the top of the fence or additional reinforcement at the bottom of the fence.

While Memorial claims it was not active in any negligence and characterizes the third-party defendants as having failed in their affirmative duties, in *Crime Fighters Patrol*, the Kentucky Supreme Court specifically disclaimed determining issues of indemnity based on the application of various labels to the parties' actions. *Id.* at 938–39. The Court held summary judgment granting an indemnity claim to a restaurant and its security was proper because the restaurant and its security had at most failed to prevent an assault by an assailant in the restaurant, but they did not participate in the assault. The restaurant and its security were entitled to complete indemnification from the assailant. *Id.* at 939–40.

Although *Crime Fighters Patrol* involved an assault, similar reasoning also makes providers of a defective product primarily liable over other parties who may have failed to inspect, warn or supervise. *Kroger Co. v. Bowman*, 411 S.W.2d 339 (Ky.1967); *York v. Petzl Am., Inc.*, 353 S.W.3d 349 (Ky.App.2010). In *Bowman*, a customer was injured by a falling bottle in a grocery store. The Court determined that even though a jury found both the bottler and the grocery store failed in their duties (bottler by stocking store with bottles in a defective container which caused a bottle to fall and grocery store by failing to notice and correct defective condition) it

was proper for the grocery store to be indemnified by the bottler. *Bowman*, 411 S.W.2d at 342–43. The Court held the grocery store owed no duty to the bottler and its duty to its customer could not insulate the bottler who furnished the defective carton from liability. *Id.* at 343.

In *York*, a volunteer fireman was learning rappelling when his rappelling harness came open, he fell and was injured. He filed suit against the manufacturer of the harness (for a defective product), his instructor (for negligent instruction) and his instructor's supervisor/trainer (for negligently supervising or training his instructor). The manufacturer filed cross-claims against the other defendants. *York*, 353 S.W.3d at 351. The firefighter entered into a settlement agreement with the other defendants, agreeing to indemnify them against claims by the manufacturer. *Id.* at 351–52.

The trial court granted summary judgment in favor of the manufacturer against the fireman on the basis that under common law, the third-party defendants were required to indemnify the manufacturer and the fireman had agreed to indemnify them. *Id.* at 352. The Court of Appeals disagreed, holding that the manufacturer was not entitled to indemnification from the third-party defendants because no agency relationship existed between the third-party defendants and the manufacturer and there was no certainty that any negligence on the part of the third-party defendants was the primary cause of the fireman's injuries. *York*, 353 S.W.3d at 354. "Rather, a jury could decide that [the fireman] was injured solely as a consequence of [the manufacturer's] failure to design the rappelling harness correctly or [its] failure to supply proper warnings regarding the use of the harness." *Id.*

We affirm the dismissal of Memorial's claim for indemnity from the third-party

defendants because it was the configuration of its field and fence that allowed the injury to take place, not any failure to notice and warn, supervise appropriately or build differently than instructed. Any failure on the part of McCormick and Dale was a lack of action in the face of an ongoing adverse action/condition caused by Memorial which is similar to the restaurant and security in *Crime Fighters* failing to stop an assault, the grocery store in *Bowman* failing to notice a bottle carton defect, and the instructor and supervisor/trainer of the instructor in *York* failing to prevent the injury from a defective harness. Geddes's status as a subcontractor to Memorial does not permit Memorial to obtain indemnification from it when Memorial admits the fence was built to its specifications. Instead, if Mowery had sued it, Geddes could be entitled to indemnification from Memorial. *See Ohio River Pipeline Corp. v. Landrum,* 580 S.W.2d 713, 721 (Ky.App.1979) (explaining contractor who built to specifications without any knowledge that doing so was wrongful would be entitled to indemnification because it could assume its performance would not result in damage to others). As a matter of law, even if the third-party defendants and Memorial are both at fault, Memorial is "the primary and efficient cause of the injury" over the third-party defendants, although Mowery may also share blame for his actions. Under such circumstances, while indemnification does not apply, Memorial will only be responsible for its own negligence under Kentucky's comparative fault principles. *See York,* 353 S.W.3d at 355.

■ We agree with the trial court's assessment that contribution is not available against third-party defendants because apportionment is required. While the trial court properly dismissed the third-party

defendants because they did not owe any duty to Memorial,[2] we disagree with Memorial that this action deprived it of any right to apportionment. Despite the trial court's dismissal of the third-party defendants, the trial court ruled that Memorial was entitled to an apportionment instruction limiting its liability to its own negligence. We believe this result was a proper interpretation of our statutes and case law.

Kentucky Revised Statutes (KRS) 411.182 provides for apportionment of damages in all tort acts involving the fault of more than one party "including third-party defendants and persons who have been released under subsection (4) of this section[.]" KRS 411.182(1). To apportion fault, the jury answers interrogatories allocating "[t]he percentage of total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability[.]" KRS 411.182(1)(b).

Subsection four provides as follows:

A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution .... However, the claim of the releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation[.]

KRS 411.182(4).

■ As explained in *Sommerkamp v. Linton,* 114 S.W.3d 811, 817 (Ky.2003), "[p]rior to the adoption of comparative negligence, and the enactment of KRS 411.182, a defendant was required to cross-claim for contribution against joint tortfeasors[.]" However, "[c]ontemporary apportionment requirements including KRS 411.182 provide that fault in a tort action is

---

**2.** Geddes did owe a duty to build the fence as instructed, but all evidence was that it properly completed the fence to Memorial's specifications.

automatically subject to apportionment among the parties to the action. This statute renders a cross-claim for contribution ... needless." *Sommerkamp*, 114 S.W.3d at 817.

■ Apportionment is available even where tortfeasors are unknown and, if a jury assigns liability to an unknown defendant, this has the result of diminishing the amount of damages that can be obtained against the known defendant. *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 803–04 (Ky.2005). As explained in *Floyd v. Carlisle Const. Co., Inc.*, 758 S.W.2d 430, 432 (Ky.1988), in discussing a tortfeasor who settled with the plaintiff:

> It must be noted that the apportionment of a part of the fault to a tortfeasor who is not a party to this action does not impose any liability upon him or warrant a judgment against him. The apportionment only determines the percentage of the total damages for which he was actually responsible and for which he bought his peace. The [other parties found to be at fault] are responsible for the remaining percentage of the damages, and the judgment against them will be limited to that amount.

*Kevin Tucker & Associates, Inc. v. Scott & Ritter, Inc.*, 842 S.W.2d 873 (Ky.App. 1992), *disapproved of on other grounds by Degener*, 27 S.W.3d at 781, involved a dispute between a city and architectural firm regarding faulty construction. The architectural firm filed a third-party complaint against the contractor. The Court held the third-party complaint was properly dismissed because, under the apportionment statute, each tortfeasor's liability was limited to its fault. *Id.* at 874. Therefore, the architectural firm was not entitled to contribution from the contractor because the architectural firm's liability in tort was limited to the damages it caused. *Id.* In a footnote, the Court stated:

Under the apportionment rules set out above, third-party defendants may often be entitled to dismissal on the grounds that they cannot be liable to the third-party plaintiff. *Cf.* CR 14.01 (defendant may bring in one who may be liable to him for all or part of the plaintiff's claim). This does not mean that defendants should not assert these third-party claims; for if there is never an "active assertion of a claim" against the third party, liability cannot be apportioned to him. *See Floyd*, 758 S.W.2d 430. As a consequence, the defendant might incur liability for damages caused by that third party. Whether the defendant would then retain his right to an action against the third party for contribution or indemnity under the principles of *Brown Hotel Company v. Pittsburg Fuel Company*, 311 Ky. 396, 224 S.W.2d 165 (1949), and *Crime Fighters Patrol v. Hiles*, Ky., 740 S.W.2d 936 (1987), need not be addressed here. Of course, if the third-party plaintiff's claim is dismissed, the plaintiff may ordinarily amend his complaint to make the ex-third-party defendant a defendant. *See* CR 15.03(2).

*Id.* at 874 n. 5. The Court upheld the contractor's dismissal as a third-party defendant because it could not be liable to the architectural firm and the city failed to add the architectural firm as a defendant. *Id.* at 875. However, it concluded that if the evidence at trial showed the contractor caused part of the city's damages, the architectural firm "will be entitled to an apportionment instruction[.]" *Id.*

In *Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219 (6th Cir.1997), *abrogated on other grounds by Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 544–45 (6th Cir.2012), the trial court allowed the jury to apportion fault and damages to third-party defendants who were dismissed prior to trial for lacking liability to the third-party plaintiff. The plaintiff appealed because

the percentage of fault and damages allocated to these dismissed third-party defendants could not be collected because they were no longer parties. The issue presented was whether under KRS 411.182 fault and damages could properly be apportioned to third-party defendants who were dismissed prior to trial on grounds other than lack of liability to the plaintiffs. *Adam*, 130 F.3d at 227.

The Sixth Circuit distinguished Kentucky cases where the non-party was never impleaded as a third-party defendant, noting that the impleading of the third parties made them as much parties to the action as any original parties until their dismissal. The Court concluded that under the reasoning contained in the *Kevin Tucker & Associates, Inc.* their "dismissal ... as third-party defendants did not preclude their being included in the jury instructions on apportionment." *Adam*, 130 F.3d at 228. The Sixth Circuit explained its reasoning as follows:

> Implicit in the [*Kevin Tucker & Associates, Inc.*] court's footnote is an understanding that if there has *ever* been an active assertion of a claim against the third party—if the third party has been impleaded by the original defendant, in other words—liability *can* be apportioned to the third-party defendant notwithstanding a dismissal prior to trial. This understanding is made explicit in the final passage of the court's opinion:
>
>> [I]f the evidence at trial shows that Scott & Ritter caused some portion of the City's damages, *Tucker will be entitled to an apportionment instruction.* Scott & Ritter is entitled to be dismissed, however, because they cannot be liable to Tucker under any circumstances. *Tucker*, 842 S.W.2d at 875 (emphasis supplied).

*Id.* at 228–29.

The Court rejected the argument that it was unjust to allow fault to be allocated to dismissed third-party defendants who were not in court to contest that finding of fault. It noted the plaintiffs could have moved for leave to amend their complaint to add the dismissed third-party defendants as party defendants. *Id.* at 229. Adopting a contrary rule would allow plaintiffs to only sue deep-pocket defendants and ignore others in contravention of "Kentucky's strong policy of attributing liability in proportion to fault." *Id.* at 229–30.

The reasoning of *Kevin Tucker & Associates, Inc.* and *Adam* is persuasive. The dismissed third-party defendants are treated the same as parties who previously settled or were dismissed because of the statute of limitations. *See Prudential Life Ins. Co. v. Moody*, 696 S.W.2d 503, 504 (Ky.1985) (interpreting KRS 454.040 to require identical treatment and apportionment against parties dismissed due to expiration of the statute of limitations and those dismissed due to settlement).

Although Memorial will not receive contribution from the dismissed third-party defendants, it will not be responsible for any damages attributed to them because it can receive an apportionment instruction allowing allocation of fault to them. Thus the dismissal of the third-party defendants cannot harm Memorial. Mowery is the only party who can suffer the negative consequences of not receiving damages for any fault attributed to the dismissed third-party defendants. However, he has not objected to their dismissal or made any attempt to join them and has not appealed their dismissal.

Therefore, we affirm the Jessamine Circuit Court's judgments granting the third-party defendants' motions for judgment on the pleadings and summary judgment.

D. LAMBERT, JUDGE, CONCURS.

MAZE, JUDGE, CONCURS WITH SEPARATE OPINION.

MAZE, JUDGE, CONCURRING WITH SEPARATE OPINION:

I fully concur in the reasoning and the result in the majority opinion. However, I write separately due to the confusion about the relationship between the common-law doctrines of contribution and indemnity and the statutory doctrine of apportionment under KRS 411.182. In *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky.2000), the Kentucky Supreme Court held that contribution and indemnity continue to be viable even after the adoption of comparative fault and apportionment. *Id.* at 781. But in practice, contribution and indemnity merely serve as a basis for impleading third-party defendants who are later dismissed due to their lack of direct liability to the third-party plaintiff. Nevertheless, KRS 411.182 requires that those dismissed defendants be included for purposes of apportionment of fault.

In my opinion, this process has created a procedural tangle for trial courts and a source of potential confusion for juries. As a point of law, contribution and indemnity still exist. However, they are not needed because KRS 411.182 requires apportionment among all potentially liable parties, including those who have been dismissed or are not before the court. And while the purpose of apportionment is to assign liability in direct proportion to fault, the application often has the opposite effect. The jury is faced with the task of assigning liability among all potentially liable defendants, even those who are not present and do not present a defense. As the majority correctly notes, apportionment under these circumstances often serves only to diminish the amount of damages that can be obtained against the known defendant.

Consequently, I believe that our Supreme Court should take the opportunity to sort out the continued viability of contribution and indemnity and their proper relationship to statutory apportionment of fault. Doing so would alleviate a great source of confusion for trial courts and for juries. Until then, however, I must conclude that the majority opinion correctly sets out the procedure for impleading third-party defendants and apportioning fault among all potentially liable parties.