RENDERED: JANUARY 9, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1523-MR

ARON TAYLOR AND TAYLOR
EXCAVATING, LLC                                                    APPELLANTS


                          APPEAL FROM CLARK CIRCUIT COURT
v.                      HONORABLE COLE ADAMS MAIER, JUDGE
                               ACTION NO. 22-CI-00556


JOHN R. DIXON                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: Aron Taylor and Taylor Excavating, LLC ("Taylor") appeal

from the Clark Circuit Court's summary judgment entered in favor of John R.

Dixon ("Dixon") on his indemnity claim. Finding no error, we affirm.

# BACKGROUND

The following facts are taken from Aron Taylor's deposition. In 2021, Dixon employed Taylor to turn a "wet spot" on his property into a pond. Taylor performs land clearing, site cleanup, grade work, "anything you could pretty much do with a skid steer[.]" Shortly after Taylor broke ground, he discovered a drainage pipe emptying onto Dixon's property. Taylor temporarily extended the pipe to divert the water so that he could dig out the pond without it continually filling back up.

Believing Taylor's skid steer was insufficient for the job, Dixon rented a bulldozer from Bypass Rental Centers of Winchester, Inc. ("Bypass"). As Taylor went to cut out the backside of the pond to "get everything drained out," the water flooded the bulldozer. Taylor told Dixon that he "got the bulldozer muddy and it was in the radiator, and it got hot on me."

Bypass delivered a second bulldozer and Taylor resumed clearing out the pond. The second bulldozer also overheated. Although he could not remember exactly what happened, Taylor thought he "might have slid down into the side of the pond." Ultimately, Taylor attributed the bulldozers' overheating to "working in those [wet] circumstances." Taylor later finished the pond with a rented excavator and his skid steer.

Subsequently, Bypass discovered that both bulldozers' engines needed to be replaced. Bypass filed a lawsuit in Clark Circuit Court against Dixon to recover the $66,667.72 it spent to repair the two bulldozers. Dixon filed a third-party complaint against Taylor seeking indemnity. Bypass moved for summary judgment, first on the issue of liability, and then on the issue of damages and both motions were granted. Dixon then moved for summary judgment on his claim of indemnity. Citing *York v. Petzl America, Inc.*, 353 S.W.3d 349, 354 (Ky. App. 2010), the court found that Taylor was the "primary and efficient cause of damage to the two bulldozers," making indemnity an appropriate remedy. This appeal followed.

## STANDARD OF REVIEW

Our standard of review when a court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *York*, 353 S.W.3d at 352 (internal quotation marks and citation omitted). The party opposing summary judgment must present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). If no genuine issues of fact exist, whether indemnity is proper is a question

of law. *See York*, 353 S.W.3d at 353 (citing *Robinson v. Murlin Phillips & MFA Ins. Co.*, 557 S.W.2d 202, 204 (Ky. 1977)).

## ANALYSIS

Indemnity is "an equitable remedy resting upon the concept that one is responsible for the consequences of one's own wrong." *Memorial Sports Complex, LLC v. McCormick*, 499 S.W.3d 700, 703 (Ky. App. 2016) (citing *Union Carbide Corp. v. Sweco, Inc.*, 610 S.W.2d 932, 934 (Ky. App. 1980) (internal quotation marks omitted)). "[T]he right to indemnity is of common law origin and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). It has been found fitting "where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Id.* (quoting *Louisville R.R. Co. v. Louisville Taxicab & Transfer Co.*, 256 Ky. 827, 77 S.W.2d 36, 39 (1934) (internal quotation marks omitted)).

Taylor argues the circuit court erred in granting summary judgment on Dixon's indemnity claim and that genuine issues of material fact exist as "to who directed the operation, who selected the equipment, whether or not the operation of the equipment was negligent and finally, whether or not the equipment was

damaged."[1]  We disagree.  As to who directed the operation and selected the equipment, these facts are not material because Taylor was the primary and efficient cause of the damage to the bulldozers.

It is uncontested that Taylor was operating the bulldozers when they overheated and that he was the last person to operate them before Bypass picked them up.  According to Taylor, he was attempting to drain the area where the pond would be when the first bulldozer got flooded because he could not outrun the water.  As to the second bulldozer, although Taylor "can't remember exactly how [it] happened[,]" he concedes that "he might have slid down into the side of the pond."  Based upon Taylor's testimony, he was directly responsible for the bulldozers getting wet and overheating.

There is no evidence that Dixon told Taylor to operate the bulldozer in a certain way, or that the wet conditions made the machines overheating unavoidable.  Taylor agreed that a bulldozer was appropriate for the job and that he

---

[1] We note that Taylor's appellate brief does not comply with Kentucky Rules of Appellate Procedure 32(A)(4), which requires "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."  Our rules require a preservation statement to assure the reviewing court that "the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).  When a party fails to abide by the Rules of Appellate Procedure, we may choose "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions . . . ; or (3) to review the issues raised in the brief for manifest injustice only[.]"  *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted); *see also Ford v. Commonwealth*, 628 S.W.3d 147, 153-55 (Ky. 2021).  At our discretion, we will ignore the deficiency and proceed with the review.

was familiar operating bulldozers.  He was also aware of the extremely wet conditions.  Even if Dixon oversaw the operation and selected the equipment, any fault on his part was secondary to Taylor's, who was the primary and efficient cause of Bypass' injury.  "[A]pplying equitable principles the parties are not *in pari delicto*[.]"  *Crime Fighters Patrol v. Hiles*, 740 S.W.2d 936, 940 (Ky. 1987).

Further, Taylor has presented no affirmative evidence creating a genuine issue of material fact as to his negligence in operating the bulldozers.  The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial."  *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011) (internal quotation marks and citation omitted).  Based upon the evidence in the record, Taylor alone "overheated" not one but two bulldozers, requiring full engine replacements.  According to his own testimony, the first bulldozer got flooded because he could not outrun the water and the second bulldozer "might have slid down into the side of the pond."  Taylor has offered nothing indicating that his conduct was anything but negligent.

While Taylor disputes that the bulldozers were damaged, he has presented no evidence challenging Bypass' affidavit that "[u]pon inspection, both

dozers had been submerged into water and/or mud causing them to become non-operational" other than his self-serving deposition testimony that "when I got done, when I parked them and turned them off, they were running." Even if true that both dozers were working when Taylor turned them off, that does not create a genuine issue of material fact as to whether they were damaged by his operation. The complaint listed on the Service Invoice from Meade Tractor (who performed the repairs) states "machine overheating and blowing white smoke." Taylor admits that the bulldozers overheated while in his care. He also believed "water and . . . muck and mud . . . got in the radiator[.]" To defeat summary judgment, Taylor was required to offer some affirmative evidence that his operation of the bulldozers did not damage them or necessitate the repairs. Merely asserting that there is a dispute as to the condition of the bulldozers is insufficient.

Finally, Taylor argues that summary judgment was improper because he was entitled to have a jury apportion fault between him and Dixon. We again disagree. In *Degener*, 27 S.W.3d 775, our Supreme Court held that apportionment of liability "has no application to the common law right of a constructively or secondarily liable party to total indemnity from the primarily liable party with whom he/she is not in pari delicto." *Id.* at 780.

## CONCLUSION

Based upon the foregoing, the Clark Circuit Court's order granting summary judgment to Dixon on his indemnity claim is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Brian N. Thomas
Winchester, Kentucky

BRIEF FOR APPELLEE:

M. Alex Rowady
Winchester, Kentucky